Per Curiam.

It is the contention of appellant that rule 7, so far as it requires a deposit as security for costs before an appeal may be docketed, imposes an additional condition not provided by statute, interferes with the operation of the statutory law relating to appeals, and is invalid.
*499 Section 2323.31, Revised Code, provides in part: “The Court of Common Pleas by rule may require an advance deposit for the filing of any civil action or proceeding.”
Rule 7 of the court provides: “No civil action or proceeding shall be accepted by the clerk for filing unless the party * * * shall have first deposited a sum to secure the payment of the costs that may accrue in such action or proceeding * * Then follows a schedule of costs, including “appeal from other tribunals............$16.00. ’ ’
Section 2323.31, Revised Code, is a procedural statute. The provisions in both the statute and in rule 7 requiring security for costs prescribe a rule of procedure, in no wise affecting the substantive right of appeal. An appeal from a judgment of the Municipal Court to the Court of Common Pleas is a “proceeding” within the meaning of that term as used both in the statute and in the rule above quoted. The rule is reasonable and the amount of deposit required is not excessive. If an appellant is unable to prepay costs or furnish security therefor, his right to appeal is not denied. Section 2323.31, supra, also gives to a party the right to make an affidavit of inability either to prepay or give security for costs, in which case the clerk of the court shall receive and file the document tendered.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and O’Neill, JJ., concur.